IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHERYL A. HAMILTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) Case No. CIV-12-167-M |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of the Social | ) |
| Security Administration, | ) |
| | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

Plaintiff brings this action pursuant to 42 U.S.C. §405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration denying Plaintiff's applications for disability insurance benefits (DIB) and supplemental security income benefits (SSI) under the Social Security Act. This matter has been referred to the undersigned magistrate judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B)-(C). The Commissioner has answered and filed the administrative record (hereinafter TR. ___). The parties have briefed their positions, and the matter is now at issue. For the reasons stated herein, it is recommended that the Commissioner's decision be **REVERSED AND REMANDED** for further proceedings.

## PROCEDURAL HISTORY

Plaintiff's applications for DIB and SSI, alleging a disability beginning October 25, 2008, were denied on initial consideration and on reconsideration at the administrative level (TR. 55). Pursuant to the Plaintiff's request, the administrative law judge (ALJ) held a hearing *de novo* on March 24, 2011 (TR. 14-46). Plaintiff appeared with counsel

and testified in support of the applications (TR. 19-41). A vocational expert also testified (TR. 42-45). The ALJ issued his decision on May 25, 2011, finding that Plaintiff was not disabled (TR. 52-63). The Appeals Council denied Plaintiff's request for review on December 19, 2011, and the decision of the ALJ became the final decision of the Commissioner (TR. 1-5).

## STANDARD OF REVIEW

Judicial review of the Commissioner's final decision is limited to determining whether the factual findings are supported by substantial evidence in the record as a whole and whether the correct legal standards were applied. *See Poppa v. Astrue*, 569 F.3d 1167, 1169 (10th Cir. 2009). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003) (quotation omitted). A decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it. *Branum v. Barnhart*, 385 F.3d 1268, 1270 (10th Cir. 2004). The court "meticulously examine[s] the record as a whole, including anything that may undercut or detract from the [administrative law judge's] findings in order to determine if the substantiality test has been met." *Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009) (citations omitted). While the court considers whether the ALJ followed the applicable rules of law in weighing particular types of evidence in disability cases, the court does not reweigh the evidence or substitute its own judgment for that of the Commissioner. *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008) (quotations and citations omitted).

**THE ADMINISTRATIVE DECISION**

The ALJ followed the five-step sequential evaluation process set forth in 20 C.F.R. §§404.1520; 416.920. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since her alleged onset date (TR. 57). At step two, the ALJ concluded that Plaintiff has the following severe impairments: osteoarthritis, back disorder, migraines and affective mood disorders (TR. 57). At step three, the ALJ determined that none of Plaintiff's impairments or combination of impairments meets or equals the limiting characteristics of any of the presumptively disabling impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (TR. 57). At step four, the ALJ first formulated Plaintiff's residual functional capacity (RFC):

> After careful consideration of the entire record, the Administrative Law Judge finds that the claimant has the residual functional capacity to lift and carry 20 pounds occasionally and 10 pounds frequently. The claimant can sit for about 6 hours during an eight-hour workday and can stand and walk for about 6 hours during an eight-hour workday and can stand and walk for about 6 hours during an eight-hour workday. The claimant can occasionally climb, balance, stoop, kneel, crouch and crawl. The claimant can occasionally reach overhead. The claimant is to avoid concentrated exposure to dusts, fumes, gases, odors, and poor ventilation. The claimant can understand, remember, and carry out simple, routine, and repetitive tasks wherein the complexity of tasks is learned and performed by rote. The claimant can respond appropriately to supervisors, co-workers, and usual work situations, but can have no contact with the general public. The claimant can perform low-stress work (defined as occasional decision making and occasional changes in workplace settings)

(TR. 58). The ALJ then determined that Plaintiff was unable to perform any of her past relevant work (PRW) as waitress, office manager, salesperson, manager of a coffee shop, or customer service representative (TR. 61).

At step five, the ALJ obtained the testimony of a VE and determined that Plaintiff could perform other jobs existing in significant numbers in the national economy including bakery worker, bench assembler and assembler of electrical equipment (TR. 62). Thus, at step five of the sequential evaluation process the ALJ determined that Plaintiff was not disabled.

## ISSUES PRESENTED

Plaintiff contends that the ALJ erred in failing to evaluate or weigh the medical opinion evidence pursuant to the standards set forth in the regulations. She further contends that the ALJ erred in ignoring significantly probative evidence.

## ANALYSIS

### I. The ALJ's Evaluation of the Medical Opinion Evidence

The Tenth Circuit Court of Appeals has long recognized the proper analysis and legal standards for determining the weight to be given to the opinions of treating sources. When considering the opinion of an "acceptable medical source" such as the Plaintiff's treating physician, the ALJ must first determine whether the opinion should be given "controlling weight" on the matter to which it relates. *See Watkins v. Barnhart*, 350 F.3d 1297, 1300 (10th Cir. 2003). The opinion of a treating physician must be given controlling weight if it is well-supported by medically acceptable clinical or laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the record. *Id.* (applying SSR 96–2p, 1996 WL 374188, at *2); 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2). If the opinion is deficient in either of these respects, it should not be given controlling weight.

Even if the opinion of a treating physician is not entitled to controlling weight, however, it is still entitled to deference. The ALJ must clearly state the weight the opinion is being given, even if it is being rejected. The ALJ must specify the reasons for the weight afforded the opinion, and his reasons must be closely tied to the factors specified in the regulations. *See Watkins*, 350 F.3d at 1300–01. Remand is required if the ALJ does not adequately support the weight he assigned to the opinion of an acceptable medical source.  As the relevant ruling explains:

> Adjudicators must remember that a finding that a treating source medical opinion is not well-supported by medically acceptable clinical and laboratory diagnostic techniques or is inconsistent with the other substantial evidence in the case record means only that the opinion is not entitled to "controlling weight," not that the opinion should be rejected. Treating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in [§§ ] 404.1527 and 416.927. In many cases, a treating source's medical opinion will be entitled to the greatest weight and should be adopted, even if it does not meet the test for controlling weight.

SSR 96–2p, 1996 WL 374188, at *4. That an opinion is not given controlling weight does not resolve the second, distinct inquiry. *See Langley v. Barnhart*, 373 F.3d 1116, 1121 (10th Cir. 2004) (holding that while absence of objective testing provided basis for denying controlling weight to treating physician's opinion, "[t]he ALJ was not entitled, however, to completely reject [it] on this basis"). This second inquiry is governed by its own set of factors: (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency

between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion. *See Id.* at 1119 (quotation omitted). In applying these factors, the ALJ's findings must be "sufficiently specific to make clear to any subsequent reviewers the weight she gave to the treating source's medical opinion and the reason for that weight." *Id.* (quotation omitted).

      Plaintiff challenges the ALJ's analysis of the medical opinion of Dr. Richard H. Crook, M.D. In October 2008, Plaintiff was involved in a motor vehicle accident. Her injuries included acute strain, contusion of right forearm, right upper arm and right shoulder; acute cervical strain; acute thoracic strain; acute strain of the left chest wall; acute lumbar strain; and acute strain of the left hip (TR. 266-267). As her treatment progressed, Dr. Crook noted progressively worsening short term memory loss. On February 19, 2009, Dr. Crook evaluated Plaintiff. He noted that, although she was feeling better, she still had short term memory loss with occasional expressive aphasia. She occasionally had numbness and tingling in the fingers of the left hand, and she continued to have migraine and nerve entrapment headaches. Plaintiff contacted Dr. Crook again on July 10, 2009. At that time, she reported continuing severe headaches once or twice per week, diffuse soreness in her neck, low back and hip which interfered with her sleeping, memory deficit, expressive aphasia and symptoms of post-traumatic stress disorder. According to Dr. Crook, Plaintiff was experiencing symptoms of a closed head injury which had not been diagnosed initially, but which became apparent during the course of her treatment (TR. 268). Dr. Crook stated that because of her continuing symptoms, Plaintiff would need a neuro-psychiatric evaluation to document her

cognitive dysfunction. He also suggested that she might need a referral to a chronic pain management specialist (TR. 268). Dr. Crook noted that Plaintiff had not been able to return to work because of the cognitive dysfunction resulting from the head injury sustained in the motor vehicle accident (TR. 269). It was Dr. Crook's opinion that Plaintiff was disabled by her cognitive dysfunction (TR. 269).

The ALJ summarized Dr. Crook's findings and recognized that he was Plaintiff's treating physician (TR. 58-59; 61). Although it is evident from the unfavorable decision that the ALJ did not give Dr. Crook's opinion controlling weight, the ALJ did not consider the relevant factors for determining the weight a medical opinion should be given and did not state what weight he was assigning Dr. Crook's opinion or why. The ALJ erred as a matter of law in failing to consider the relevant factors and in failing to state the weight, if any, he was assigning to Dr. Crook's opinion.

Plaintiff further contends that the ALJ erred in failing to take into account the psychiatric treating records of Dr. Hong, Dr. James, and Dr. Haque. As the Commissioner correctly notes, however, Plaintiff did not cite any evidence in the record to support this contention. The court is not required to speculate about what a party is arguing or to craft her arguments for her. *See Threet v. Barnhart,* 353 F.3d 1185, 1190 (10th Cir. 2003)(holding appellate argument insufficiently developed; declining to speculate on what evidence appellant claimed was ignored); *Perry v. Woodward,* 199 F.3d 1126, 1141 n. 13 (10th Cir.1999) (stating appellate court "will not craft a party's arguments for him"). The ALJ's mistreatment of Dr. Crook's medical opinion is dispositive of this case, however, and the court need not consider Plaintiff's other claims of error.

## RECOMMENDATION

Having reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the ALJ and the pleadings and briefs of the parties, the undersigned magistrate judge finds that the decision of the Commissioner is not supported by substantial evidence and should be **REVERSED AND REMANDED** for further administrative proceedings.

## NOTICE OF RIGHT TO OBJECT

The parties are advised of their right to file specific written objections to this Report and Recommendation. *See* 28 U.S.C. §636 and Fed. R. Civ. P. 72. Any such objections should be filed with the Clerk of the District Court by **March 1, 2013**. The parties are further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

## STATUS OF REFERRAL

This Report and Recommendation terminates the referral by the District Judge in this matter.

**ENTERED** on February 15, 2013.

SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE